**George E. PERKINS**

v.

**Madeline H. LEONARD.**

Supreme Judicial Court of Maine.

Argued Oct. 30, 1989.
Decided Nov. 28, 1989.

Steven J. Mogul, George Z. Singal (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for plaintiff.

J. Hilary Billings (orally), Bangor, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiff George E. Perkins appeals from a judgment of the Superior Court (Penobscot County, *Pierson, J.*) denying his action for the specific performance of an option agreement to purchase real estate. Perkins contends that the court erroneously found that he received adequate notice of a pending offer and that he failed to exercise his option in a timely manner. Moreover, he argues that the court erred in finding that the subject transaction involved a single offer with extensions rather than a series of separate offers. Finding no error, we affirm.

Plaintiff and defendant entered into an agreement entitled "Grant of First Choice of Purchase" concerning property owned by defendant. The agreement provided that if defendant decided to accept a good faith offer, she must first offer the land to plaintiff for five percent more than the offered price. To exercise his option, plaintiff was required to provide notice of his intention to purchase within "fifteen days of his receipt of notice of the terms offered for the real estate". On June 28, 1985, defendant received an offer to purchase her property subject to the buyer's ability to obtain bank financing. After being notified of the offer by a letter from defendant's counsel, plaintiff requested proof that the offer was made in good faith. In response, defendant's attorney sent plaintiff a copy of the offer and acceptance by certified mail on July 26, 1985. Plaintiff did not pick up this letter, and it was returned to defendant's counsel. On August 17 and September 26, 1985, defendant and the buyer drew up additional agreements, thereby extending the time for sale in an effort to resolve financing difficulties caused by plaintiff's unresolved option. On September 24, 1985, plaintiff attempted to exercise his option pursuant to the "second contract" between defendant and the buyer.

Plaintiff first contends that there *is* insufficient evidence to support the trial justice's conclusion that defendant's counsel sent him a copy of the offer and acceptance form by certified mail and that plaintiff consciously decided not to pick it up. Plaintiff argues that without such proof there was no evidence that he received notice of the offer and thus, his option was not triggered. "[A]ny finding, whether express or assumed, is tested under the 'clearly erroneous' standard by determining whether there is *any* competent evidence in the record to support it. If there is such evidence the finding must stand." *Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981) (citations omitted) (emphasis in original); M.R.Civ.P. 52(a). The testimony of both defendant's attorney and realtor rationally supports the conclusion that the letter was sent by certified mail. In addition, at one point in his testimony, plaintiff admitted that he might not have picked up his certified mail. We conclude, therefore,

that there was sufficient evidence to support the finding.

Plaintiff also argues that the September notice of his exercise of the option was timely. He argues that the three agreements are separate and give rise to three separate 15 day periods within which his option could be exercised. The Superior Court correctly rejected plaintiff's argument. The three agreements are identical as to all relevant terms, and the court rationally concluded that the parties intended to extend and renew the first contract. *See Cocheco Bank v. Berry*, 52 Me. 293 (1864).

Finally, plaintiff contends that the Superior Court erred in ruling that his voluntary failure to pick up his certified mail constituted "receipt" for purposes of triggering his option period. We disagree. The Superior Court found that plaintiff chose not to pick up the letter in order to gain time to determine the fair market value of the property. Having been informed of the terms and conditions of the pending offer, plaintiff cannot deliberately choose to avoid receipt and then claim that the receipt requirement was not fulfilled.

The entry is:

Judgment affirmed.

All concurring.